1  James M. Hanlon, Jr. (Bar No. 214096)
   Jonathan A. Eldredge (Bar No. 238559)
2  Glynn, Finley, Mortl, Hanlon & Friedenberg, LLP
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone:    925.210.2800
   Email: jhanlon@glynnfinley.com
5  Email: jeldredge@glynnfinley.com

6  -and-

7  Michael L. O'Donnell (*pro hac vice* anticipated)
   Jacob D. Taylor (*pro hac vice*)
8  Alena C. Weicher (*pro hac vice*)
   Wheeler Trigg O'Donnell LLP
9  370 Seventeenth Street Suite 4500
   Denver, CO 80202-5647
10 Telephone:    303.244.1800
   Facsimile:    303.244.1879
11 Email: odonnell@wtotrial.com
          taylor@wtotrial.com
12        weicher@wtotrial.com

13 Attorneys for Defendant Skyjack Inc.

14                       UNITED STATES DISTRICT COURT

15            EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| 16  JEREMY TOTTEN, | Case No.: 2:25-cv-00112-TLN-DMC |
| 17          Plaintiff, | |
| 18      v. | **STIPULATED PROTECTIVE ORDER** |
| 19  UNITED RENTALS (NORTH AMERICA), INC., and SKYJACK, INC., | |
| 20          Defendants. | |
| 21 | |
| 22  STEVEN ZOOK, | Case No.: 2:25-cv-00800-TLN-DMC |
| 23          Plaintiff, | |
| 24      v. | |
| 25  UNITED RENTALS (NORTH AMERICA), INC., and SKYJACK, INC., | |
| 26 | |
| 27          Defendants. | |
| 28 | |

STIPULATED PROTECTIVE ORDER

1	The Court has been presented with the Stipulated Protective Order ("this Order") that will govern the disclosure of certain documents produced or to be produced by Jeremy Totten and Steven Zook ("Plaintiffs"), and United Rentals (North America) Inc. and/or Skyjack Inc. (collectively, the "Parties") in the course of discovery in this lawsuit.

Whereas, the Parties, having agreed to the entry of this Order to expedite the production of discovery materials, facilitate the prompt resolution of disputes over the confidentiality of discovery materials, protect against disclosure of confidential and proprietary information, and

Whereas the Court finds that good cause exists for the entry of this Order;

IT IS HEREBY ORDERED that the following rules and procedures shall govern the disclosure of Confidential Information contained or referred to in documents produced by the Parties or by non-parties in the course of discovery and trial of this action, as well as transcripts and documents marked as exhibits or otherwise utilized in depositions, hearings, or trial of this action that contain or refer to Confidential Information. This Protective Order shall govern the use of such materials only if they are produced after the entry of this Order, or if previously produced, only where they are specifically identified and designated in writing as confidential by the producing party within fourteen (14) days of the entry of this Order. Absent such written designation, this Order shall not apply to materials previously produced.

1.	Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or any other applicable law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be designated. By stipulating to this Order and by producing any Confidential Information (as defined in this Order) pursuant to this Order, no party is waiving any objections it may have to the discoverability of information or documents, including, but not limited to, objections based on privilege, the Uniform Trade Secrets Act or other applicable trade secret legislation, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.

STIPULATED PROTECTIVE ORDER

Further, nothing in this Order shall affect a Party's right to withhold production of or redact documents or information containing information that it contends is neither relevant nor necessary to the prosecution of any claim or defense.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by indicating in said response or on the record at the deposition. A designating party may also request the preparation of a separate transcript of such material at the requesting party's expense. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case, regardless of confidentiality designation (other than information that is publicly available), shall be used by the party or parties to whom the information is produced solely for the purpose of this case and no other action.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual plaintiffs, individual defendants, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

STIPULATED PROTECTIVE ORDER

1      (d) consultants or expert witnesses retained for the prosecution or defense of this
2  litigation, provided that each such person shall execute a copy of the Certification annexed to this
3  Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the
4  Confidential Information and made available for inspection by opposing counsel during the
5  pendency or after the termination of the action only upon good cause shown and upon order of
6  the Court) before being shown or given any Confidential Information. This requirement shall
7  apply only to Confidential Information produced after the entry of this Order, or to materials
8  previously produced that have been specifically designated in writing as confidential within
9  fourteen (14) days of the entry of this Order, consistent with the terms of this Protective Order. If
10 a party intends to disclose Confidential Information to a consultant or expert who is employed
11 by, affiliated with, or regularly retained by a competitor of the disclosing party, the party must
12 first notify the disclosing party in writing before disclosing any Confidential Information to that
13 individual. The disclosing party shall have five (5) court days to move for a protective order
14 preventing or limiting such disclosure. Absent a timely court order to the contrary, disclosure
15 may proceed.;
16     (e) any authors or recipients of the Confidential Information;
17     (f) the Court, Court personnel, and court reporters; and
18     (g) witnesses (other than persons described in paragraph 4(e)).
19     A witness shall sign the Certification before being shown a confidential document.
20 Confidential Information may be disclosed to a witness who will not sign the Certification only
21 in a deposition at which the party who designated the Confidential Information is represented or
22 has been given notice that Confidential Information may be used during the deposition and will
23 be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential
24 Information shall not be allowed to retain copies.
25     5.    Any persons receiving Confidential Information shall not reveal to or discuss such
26 information with any person who is not entitled to receive such information, except as set forth
27 herein.
28     6.    No party or non-party shall file or submit for filing as part of the court record any

documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

8. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

9. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The written notice shall identify the information to which the objection is made and the reasons why the party believes the information is not "Confidential." If the parties are unable to resolve the dispute, within twenty-one (21) days after such written notice, the designating party shall file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The designating party or non-party shall bear the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation or

(c) the Court rules the material is not confidential.

11. Any party in possession of another party's Confidential Information shall exercise

STIPULATED PROTECTIVE ORDER

reasonable care with regard to the storage, custody, or use of that Confidential Information. Receiving Parties must take reasonable precautions to protect Confidential Information from loss, misuse, and unauthorized access, disclosure, alteration, or destruction. This includes, at minimum, maintaining received Confidential Information in a secure litigation support site(s) that applies standard industry practices regarding data security, including the application of access control rights to those persons entitled to access Confidential Information under this Order. If the Receiving Party discovers a breach of security relating to the Confidential Information of a Producing Party, the Receiving Party shall provide written notice to the Producing Party within 72 hours of discovery and work with Producing Party to investigate and remediate the effects of the breach.

12. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in possession of Confidential Information may retain copies of pleadings, court filings, correspondence, transcripts, exhibits, attorney work product, and information necessary for legal compliance. For all other Confidential Information, the party shall either (a) return such documents no later than thirty (30) days after the conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon the consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. The production of privileged or work-product-protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rules of Civil Procedure 34 and 37(e). If a producing party discovers that it has inadvertently produced

privileged or protected material, it shall notify the receiving party in writing within five (5) court days of discovery. Upon receiving such notice, the receiving party shall promptly return, sequester, or destroy the specified material and any copies, and confirm in writing that it has done so. The receiving party may then challenge the claim of privilege or protection, but shall not use or disclose the material until the challenge is resolved by agreement or court order

15. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

16. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

17. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

| | |
|---|---|
| Dated: September 25, 2025 | ANDERLINI & McSWEENEY LLP<br>P. Terry Anderlini (SBN 44783)<br>Sean M. Jacobson (SBN 227241)<br><br>By: /s/ *P. Terry Anderlini* (with permission)<br>Counsel for Plaintiffs Jeremy Totten and Steven Zook |
| Dated: September 25, 2025 | KABANUCK LAW<br>Nathan J. Kabanuck<br><br>By: /s/ *Nathan J. Kabanuck* (with permission)<br>Additional counsel for Plaintiff Steven Zook |
| Dated: September 25, 2025 | GORDON REES SCULLY MANSUKHANI, LLP<br>David A. Serrano (SBN 240424)<br>Spencer P. Hugret (SBN 292372)<br><br>By: /s/ *David A. Serrano* (with permission)<br>Counsel for Defendant United Rentals (North America), Inc. |

STIPULATED PROTECTIVE ORDER

Dated: September 25, 2025

GLYNN, FINLEY, MORTL,
HANLON & FRIEDENBERG, LLP
James M. Hanlon, Jr. (SBN 214096)
Jonathan A. Eldredge (SBN 238559)

By: /s/ *Jonathan A. Eldredge*

and

WHEELER TRIGG O'DONNELL LLP
Michael L. O'Donnell
Jacob D. Taylor
Alena C. Weicher

-oOo-

## SIGNATURE ATTESTATION

I hereby attest that concurrence has been obtained from counsel for Plaintiffs Jeremy Totten, Steven Zook, and Counsel for Defendant United Rentals (North America), Inc., as indicated by a "conformed" signature (/s/) within this e-filed document.

By  /s/ Jonathan A. Eldredge
Attorneys for Plaintiff/Counterdefendant
CALAMCO

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 1, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER