UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY TOTTEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED RENTALS (NORTH AMERICA), INC. and SKYJACK, INC.,<br><br>Defendants. | No. 2:25-cv-00112-TLN-DMC<br><br>(Consolidated with No. 2:25-cv-00800-TLN-DMC)<br><br>**ORDER** |
| STEVEN ZOOK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED RENTALS (NORTH AMERICA), INC. and SKYJACK, INC.,<br><br>Defendants. | |

This matter is before the Court on Travelers Property Casualty Company of America's ("Travelers") Motion to Intervene. (ECF No. 26.) Defendant United Rentals (North America),

Inc. ("Defendant") filed an opposition.[1] (ECF No. 28.) Travelers filed a reply. (ECF No. 30.) For the reasons set forth below, the Court GRANTS Travelers's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from Plaintiff Jeremy Totten's ("Plaintiff") serious injuries caused by a malfunction of a scissor lift manufactured by Skyjack and rented to Plaintiff's employer by Defendant. (*See* ECF No. 13.) Plaintiff alleges that on September 17, 2024, he was working on the scissor lift approximately three stories above the ground when it malfunctioned, tipped over, and threw Plaintiff about 30 feet to the ground. (*Id.* at 2.) Plaintiff alleges he suffered serious life-altering injuries that required multiple surgeries, and he faces a long recovery. (*Id.*)

Plaintiff first filed this action in Siskiyou County Superior Court on November 13, 2024. (ECF No. 1-2.) Defendant removed the action to this Court on January 10, 2025. (ECF No. 1.) Plaintiff filed the operative First Amended Complaint ("FAC") on March 17, 2025, alleging claims for negligence and products liability. (ECF No. 13.) On April 1, 2025, this Court related this case to *Steven Zook v. United Rentals (North America), Inc. and Skyjack, Inc.*, No. 2:25-cv-00800-TLN-DMC, finding the actions are related within the meaning of Local Rule 123(a).[2] (ECF No. 18.) The Court subsequently signed a stipulation consolidating these cases for discovery purposes on June 2, 2025. (ECF No. 20.)

Travelers filed the instant motion on March 23, 2026, arguing it has paid and continues to pay benefits pursuant to its policy with Plaintiff and Zook's[3] employer, Shasta Services, Inc. dba Timberworks. (ECF No. 26.) Travelers claims it has a statutory right of subrogation to recover

---

[1] Defendant Skyjack, Inc. ("Skyjack") is also a named defendant in this action but does not join in this opposition. The Court will refer to all defendants in this action collectively as "Defendants."

[2] On March 11, 2025, Steven Zook ("Zook") filed suit against Defendant and Skyjack, alleging the same scissor lift malfunction, fall, and injury. (No. 2:25-cv-00800-TLN-DMC, ECF No. 1.)

[3] As Travelers refers to both Plaintiff and Zook collectively as "Plaintiffs" in its briefing, the Court does so as well in this Order.

these benefits from any third-party tortfeasors. (*Id.* at 5.)

## II. STANDARD OF LAW[4]

Pursuant to Rule 24(a)(2), a party may intervene as a matter of right when:

> (1) The application is timely;
>
> (2) The party has a significant protectable interest relating to the property or transaction that is the subject of the action;
>
> (3) The disposition of the action may, as a practical matter, impair or impede the Travelers's ability to protect its interest; and
>
> (4) the existing parties may not adequately represent the Travelers's interest.

Fed. R. Civ. P. 24(a)(2); *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)). "Each of these four requirements must be satisfied to support a right to intervene." *Chamness*, 722 F.3d at 1121 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)). In evaluating whether these requirements are met, courts "are guided primarily by practical and equitable considerations." *Alisal Water Corp.*, 370 F.3d at 919. Further, courts generally "construe [the Rule] broadly in favor of proposed intervenors." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 397 (9th Cir. 2002) (alteration in original).

## III. ANALYSIS

The parties dispute whether Travelers satisfies the four-part test articulated in Rule 24(a)(2). The Court will consider each of the factors in turn[5] and then address Defendant's argument that intervention would cause delay and confuse the issues.

///

///

---

[4] Travelers asserts it may intervene as a matter of right pursuant to Federal Rule of Civil Procedure ("Rule") 24(a)(2), or through permissive intervention pursuant to Rule 24(b). (ECF No. 26 at 2.) However, the thrust of Travelers's substantive arguments is that it is entitled to intervene as a matter of right under Rule 24(a)(2). Accordingly, the Court analyzes the parties' arguments using this standard.

[5] The Court considers these factors in the order presented by the parties.

A. Whether Travelers Asserts a Significantly Protectable Interest

Travelers argues it has paid workers' compensation benefits in excess of $184,013.09 to Plaintiff and Zook arising from the incident at issue and has a statutory right of subrogation to recover benefits from any third-party tortfeasors. (ECF No. 26 at 5.) Travelers further argues it possesses a significantly protectable interest in recovering workers' compensation benefits paid to Plaintiff and Zook. (*Id.*) In opposition, Defendant asserts Travelers has not shown a significantly protectable interest because it only has an economic stake in the outcome of this matter, which by itself does not constitute a significantly protectable interest. (ECF No. 28 at 4.) According to Defendant, Travelers has a contingent reimbursement interest that is derivative of Plaintiffs' recovery, not liability, and the instant suit is about Defendants' liability, not the apportionment of damages. (*Id.*) In reply, Travelers maintains that as a subrogating insurer, it would have had standing to bring its own complaint for recovery had Plaintiff and Zook not filed suit. (ECF No. 30 at 2.)

To show a "significantly protectable interest" that justifies intervention of right, the prospective intervenor must establish: (1) "the interest is protectable under some law"; and (2) "there is a relationship between the legally protected interest and the claims at issue." *Wilderness Society v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011).

Here, with respect to the first element, the Court finds Travelers's citation to California Labor Code §§ 3852(a) and 3853 for the proposition that it has standing to bring its own complaint for recovery to be persuasive. (ECF No. 30 at 2.) Indeed, California Labor Code § 3852(a) provides in relevant part that "an employer[6] who pays, or becomes obligated to pay compensation . . . may likewise make a claim or bring an action against the third person." Consequently, Travelers has a statutory right to bring a claim against third-party tortfeasors. With respect to the second element, Travelers represents (and Defendant does not refute) that it has paid workers' compensation benefits in excess of $184,013.09 to Plaintiff and Zook arising from the incident. This is directly related to Plaintiff's negligence and products liability claims

[6] California Labor Code § 3850(b) provides that "'[e]mployer' includes insurer[.]"

against Defendant, which seek monetary damages. (ECF No. 13 at 4–6.)

Based on the foregoing, Travelers establishes a "significantly protectable interest," and this factor is met.

B. Whether Existing Parties Will Inadequately Represent Travelers's Interests

Travelers argues its interests are not adequately represented by the existing parties. (ECF No. 26 at 7.) In opposition, Defendant contends Travelers fails to meet its burden to demonstrate existing parties do not adequately represent its interests. (ECF No. 28 at 5.) According to Defendant, Plaintiff and Zook will adequately represent its interests because they will be seeking their maximum recovery for damages for the injuries they sustained, which is "identical" to Travelers's goal of seeking reimbursement for medical expenses. (*Id.*) In reply, Travelers maintains Plaintiff and Zook have competing interests, as Travelers would face the potential for a settlement that excluded the lien amounts. (ECF No. 30 at 3.) Travelers notes that if it is not permitted to intervene, Plaintiff and Zook could seek recovery of attorney's fees from the lien amount on a common fund theory. (*Id.*)

In evaluating whether a prospective intervenor's interests are adequately represented by the existing parties, the Court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086).

The Court finds Travelers's arguments to be persuasive. Under California Labor Code § 3859(b),[7] Plaintiff and Zook could reach a settlement with Defendants that excludes the amounts

[7] California Labor Code § 3859(b)(1) provides: "Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim they may have against a third party without the consent of the employer. Except as provided in paragraph (2), a settlement or release shall be subject to the employer's right to proceed to recover compensation they have paid in accordance with [§] 3852."

Travelers has already paid. Further, under California Labor Code § 3860(c),[8] Plaintiff and Zook could seek recovery of attorney's fees from the amount of the settlement. In addition, the burden of showing inadequate representation is "minimal" and Travelers need only demonstrate "that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki*, 324 F.3d at 1086).

Accordingly, Plaintiff and Zook will not adequately represent Travelers's interests, and this factor is also met.

C. Whether Disposition of the Action May Impair Travelers's Ability to Protect its Rights

Travelers argues disposition of this action without its participation may impair its ability to protect its subrogation rights. (ECF No. 26 at 5.) In opposition, Defendant maintains Travelers does not provide any facts to establish their interests will be impaired if the motion is denied. (ECF No. 28 at 6.) According to Defendant, Travelers will not add anything substantive to this matter other than to confuse issues and further delay litigation. (*Id.*) Defendant maintains Travelers will still be able to assert its subrogation reimbursement lien post-judgment and is not required to be a party to this action. (*Id.*) In reply, Travelers maintains denial of intervention is prejudicial because Plaintiff and Zook will not adequately represent its interests (and thereby protect its rights). (ECF No. 30 at 3.) Travelers maintains that a worker's compensation lien is not self-enforcing, meaning that it relies on a plaintiff's counsel to make the distribution, which does not typically occur without argument and negotiation. (*Id.*)

"If an absentee would be substantially affected in a practical sense by the determination made in an action, [the absentee] should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Rule 24 advisory committee's notes).

---

[8] California Labor Code § 3860(c) provides: "If settlement is effected, with or without suit, solely through the efforts of the employee's attorney, then prior to the reimbursement of the employer . . . there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting settlement, including costs of suit, if any, together with reasonable attorney's fees to be paid to the employee's attorney, for services rendered in securing and effecting settlement for the benefit of both the employer and the employee."

Here, the Court finds that any determination in the pending litigation could substantially affect Travelers. Without intervention, only Plaintiff's counsel would be positioned to protect Travelers's rights. But as the Court has already found above, Plaintiff and Zook will not adequately represent Travelers's interests. The Court finds particularly persuasive Travelers's assertion that if it were a party to the action, it would not have to rely on Plaintiff's counsel but could instead negotiate its own lien directly. (ECF No. 30 at 3.)

Accordingly, disposition of the action without Travelers's participation may impair its ability to protect its rights, and this factor is met.

D. Whether the Motion is Timely

Travelers asserts its motion is timely filed. (ECF No. 26 at 5.) In opposition, Defendant notes that Plaintiff filed his Complaint in Siskiyou County Superior Court on November 13, 2024, but Travelers filed the instant motion on March 23, 2026, approximately 16 months after Plaintiff filed the Complaint. (ECF No. 28 at 8.) According to Defendant, Travelers likely knew of the existing matter but delayed the attempt to intervene. (*Id.*) Defendant contends the parties have been conducting discovery for more than a year and Travelers's intervention would cause undue delay and prejudice. (*Id.* at 9.) In reply, Travelers asserts Defendant does not explain why waiting to file the instant motion establishes untimeliness, as "no statutory time limit is placed on motions to intervene." (ECF No. 30 at 5 (quoting *Noya v. A.W. Coulter Trucking*, 143 Cal. App. 4th 838, 842 (2006)).) Travelers notes its motion was filed before deposition discovery occurred, allowing it to actively attend the deposition taking place. (*Id.*)

In determining whether a motion is timely, the Court considers: (1) the stage of the proceeding; (2) any prejudice to the other parties; and (3) the reason for and length of any delay. *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). A motion is generally considered timely when "made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings." *Citizens for Balanced Use*, 647 F.3d at 897.

With respect to the stage in the proceeding, the length of time since a suit was filed does not alone determine timeliness. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).

Plaintiff filed suit in state court on November 13, 2024, and the action was removed to this Court on January 10, 2025. (ECF Nos. 1, 1-2.) Since that time, no substantial litigation has taken place. Plaintiff's Motion to Amend is still pending before this Court. (ECF No. 31.) The Court therefore finds litigation is still in the very early stages. With respect to any prejudice to the other parties, the Court finds that Travelers has not impeded or delayed any proceedings. Indeed, Travelers is actively attending depositions taking place and has been participating in discovery and collaborating with Plaintiff's counsel on this matter. (ECF No. 30 at 5.) Other than stating discovery has been occurring for more than one year, Defendant fails to substantively develop its argument as to why Travelers's intervention would cause undue delay and prejudice the existing parties. (*See* ECF No. 28 at 8–9.) Finally, although Defendant correctly notes that Travelers does not provide the reason for and length of any delay, given the stage of the proceeding and lack of prejudice to other parties, the Court declines to find on this basis alone that the instant motion is untimely.

Accordingly, the Court finds the instant motion is timely, and this factor is met.

E. <u>Whether Intervention Will Complicate Issues and Delay Proceedings</u>

Defendant finally argues that the Court should exercise its discretion under Rule 24(b) and deny intervention on the basis that it will unduly delay and confuse the issues. (ECF No. 28 at 6–7.) Defendant maintains the central question in this case is whether Defendants are liable for Plaintiff's injuries and Travelers seeks to litigate a different issue — whether it is entitled to reimbursement of the benefits paid. (*Id.* at 7.) Defendant contends it is not liable for the incident and therefore Travelers's asserted subrogation claim against it is speculative. (*Id.*) In reply, Travelers asserts the issue of liability is to be proved later and California law is clear that a workers' compensation carrier may still bring an action with respect to substantive issues of proof of liability and damages. (ECF No. 30 at 4.)

As an initial matter, the authority Defendant cites is specific to courts using their discretion to deny permissive intervention even if an applicant satisfies the requirements under Rule 24(b). (ECF No. 28 at 6–7 (citing Rule 24(b); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996)).) Nevertheless, the

Court does not believe that permitting Travelers to intervene will confuse the issues — the core issue is whether Defendants are liable for Plaintiff's injuries. As Travelers correctly notes, allowing Travelers to intervene will allow it "to participate in proving up the core claim of personal injury that [Plaintiff] and Zook would be working to prove for themselves." (ECF No. 30 at 4.) Accordingly, the Court declines to deny Travelers's motion on this basis.

Because Travelers establishes all four factors under Rule 24(a)(2), the Court finds that Travelers is entitled to intervene in this action as a matter of right.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Travelers's Motion to Intervene. (ECF No. 26.) Travelers shall file its Complaint-in-Intervention within fourteen (14) days of the electronic filing date of this Order.

IT IS SO ORDERED.

DATE: August 26, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE